Okay, the next argued case is number 17-2308, Saxionis against the Merit Systems Protection Board, Mr. Jackman. MR. JACKMAN May it please the court, my name is Norman Jackman and I represent Mr. Saxionis. His background started when he volunteered to do what it was all about. He re-enlisted and served nearly four years in Vietnam. Came back, eventually was suffering from what he claimed, correctly so as it later turned out, that his unit had been exposed to Agent Orange and he needed an operation. The VA denied him. Eventually he lost his kidney and the doctors certified that he was subjected to Agent Orange and that's what ruined his kidney. MR. JACKMAN Mr. Jackman, this case came to us on his inability to make a deposit and therefore… MR. JACKMAN …of the military service. I'll address that right now. MR. JACKMAN It looks as though that has been taken care of now and so why isn't this case moot? MR. JACKMAN It would be, a payment hasn't been made yet and I was about to suggest that perhaps the best thing to do would be to remand this case to the MSPB because I think that they were wrong in dismissing it because there was no final decision since we had to file three different cases to try to force the issue. And it may well have succeeded now but it seems to me that perhaps the best thing to do would be to send it back to MSPB until there is a finality of payment. They're in the middle. The client was told to pay $2,511 and they would then pay him $12,000 something which finally puts an end to that part of the litigation. MS. STOLAR Can I just make sure I understand? I think what you're saying is until there is final payment you want to keep the case alive? MR. JACKMAN That's right. MS. STOLAR Okay. Is there anything else? MR. JACKMAN Well, part of the recalculation we will be arguing either in this case or another one that their recalculation of his annuity was against the decision of this circuit in the Grover case which said that the OPM's calculation by virtue of using contributions to the retirement plan if it differed from what the statute says would be wrong and that was admitted before this court almost two years ago. Our anxiety to keep it going until there's a finality is stemmed by the fact that Grover who won his case in July of 2016 still hasn't gotten paid due to various maneuverings. So I would suggest that the case go back to MSPB and if it's settled and the judge there decides that it's over, it will be over. At least we have to file another one, we'll file another one, but we'll do it after properly notifying OPM and going to MSPB and not coming here to this court until we have a proper record. MS. STOLAR Have you presented to the MSPB or whoever does these calculations a definition of the errors that still exist? MR. BROWN Yes, Judge. Appendix page 37, which is a single page, shows an earnings record that we submitted to MSPB showing his complete earnings from 1965 to 1998 and I think that's possibly why we wound up with the military end of it being settled because when one's in the military, there's one thing certain, they're not holding down two jobs, so whatever his earnings were have to be what's shown on these papers. MS. STOLAR That was submitted before the current settlement. MR. BROWN Yes, that's right. I was just looking at the decision below. MS. STOLAR What's not clear to me is just exactly what we're talking about after the settlement. MR. BROWN Oh, it's not, it wasn't a settlement. The other side agreed to pay the amount. The client was happy to get it. Nothing's been signed by me on behalf of the client and as far as I know, nothing's been signed by him, but we have correspondence from the agency. I assume they're going to live up to that. So I have no reason to believe it won't be settled, but I would like to see the jurisdiction retained. We can file with MSPB an acknowledgement of payment when it's made, but it's not made over. It's in the wings there, but not done. I don't see any harm done to send it back, but that's for you to decide, not me. MS. STOLAR All right, well, then let's hear from them. Okay. Let's see what their view is of where this stands. MS. LITTERER May it please the Court? MS. STOLAR Yes, Ms. Litterer. MS. LITTERER This appeal should be dismissed because it is now moot. As petitioner acknowledges, OPM has now allowed him to make the military service deposit, which was the issue in the appeal, and his annuity has been adjusted accordingly, and so that annuity adjustment represents a decision of OPM, which if he has a disagreement with it, he's free to appeal that to the Board. There's no provision for the Board to maintain jurisdiction over this case now in the status that it's currently in, so he didn't establish jurisdiction before the Board. Now there has been a new decision, and if he wishes to challenge that, he should appeal, file a new appeal of that decision with the Board. And so as far as we're concerned, that's the only issue in the case, and that has now been resolved, so this case should be moot. Petitioner has received all the relief that he could have received if the case had been adjudicated and he had prevailed. So if the Court has any questions, I'm happy to address those. MR. BOUTROUS Please worry that the government's not going to pay. It hasn't happened yet. MS. MCDOWELL Right. So that was not a subject of the appeal that's currently before this Court, because that was an appeal of the case that OPM's failure to make a decision. So as I said, he's free to file a new appeal of the OPM's decision that issued earlier in April. MR. BOUTROUS And you're saying we have no basis to remand, because one remands for further adjudication, but you're saying the adjudication is over. Just ministerial acts need to be carried out, but the legal, in fact, determinations are over. MS. MCDOWELL Right. The issue in this case was OPM's refusal to allow him to make the decision. That's the only issue that was before this Court and that was before the Board. MR. BOUTROUS So what's holding up the payment? MS. MCDOWELL I don't have any information about the payment. That's something that OPM would have to address. Again, if a petitioner wishes to appeal that situation to the Board, he's free to do so and it will be adjudicated. Because this hadn't happened yet at the time that the Board issued his decision, the Board didn't have an opportunity to address the situation, obviously. So there's no way for the Board to maintain jurisdiction to enforce this new decision that has been issued by OPM unless he brings a new appeal of that decision. So at this time, a remand wouldn't accomplish anything because the Board would not have jurisdiction over it. MR. BOUTROUS And there aren't further findings that would need to be made to justify a remand. MS. MCDOWELL Right. The only issue in this case was the military service deposit. And as far as I know, that's the only thing that petitioner is now challenging. MR. BOUTROUS Is the Board in a position to assure that at least that which has been resolved is paid? MS. MCDOWELL The Board doesn't have any mechanism for doing that in the absence of an appeal. So he would have to file a new appeal of that decision with the Board or of his claims that OPM has not paid him or whatever his claims may be. MS. MCDOWELL To make sure I understand, I think your point is that the only thing they asked for was a military service deposit. And then whatever consequence there would be of that military service deposit, that's something that's outside the scope of this case. Is that what you're saying? MS. MCDOWELL Yes. He would have to file an appeal of that. So yeah, that's where we stand right now. And I would note that I believe this letter from OPM only issued a few weeks ago. So at this time, it would not seem unusual that he has not yet received the payment. But if he continues to not receive it or if he has a complaint with the calculations or anything like that, he's free to file an appeal with the Board of that decision. OPM has not indicated that it's going to file a reconsideration decision of that. So he could present that to the Board and argue that this is the new final decision of OPM. And the Board would evaluate that and OPM's response to it and render a new decision on the new appeal. MS. MCDOWELL Any more questions? MR. JACKSON Just one point, Your Honor. The initial case was dismissed by the MSPB judge for lack of jurisdiction because there was no final MSPB decision. I mean final OPM decision. But it's our position that even the case law in a case named Okello, O-K-E-L-L-O, in the case indicates that when you've waited years, and in this case we started seeking this outcome more than four years ago, nearly five years ago, that the failure of OPM to make any payment blaming the DFAS on not giving them information itself was a refusal to pay. For example, it has occurred to me that one could look up what somebody in the military in the four years of 1970, two, three, four, and five, was paid. To say that we have to get this from DFAS, I think I should have really paid attention to that much earlier and tried to figure out where to get the information. When I called DFAS, I got a run around. I said to the client, you better call them. He got no answer at all. They said we can't talk to you. Period. That's behind us now. Yes, but there was jurisdictional judgment. The judge said there was no final decision of OPM on which MSPB could assert jurisdiction. So what do you need and what are you asking for? Well I guess I need to have a decision that a four year delay was enough to constitute denial of the claim and therefore they had jurisdiction. No, they had agreed with that. They said all right, we were wrong. Now what happens? Just let them remand for jurisdiction until the payment is made. That's all. Why should we have to file yet another lawsuit? That's all I'm looking for. Okay. Anything else? Anything else to ask? All right. Thank you. Thank you both. The case is taken under submission. All right. The honorable court is adjourned until Monday morning at 10 o'clock a.m.